INDUSTRIAL NATIONAL BANK OF PROVIDENCE, *Substitute Trustee, et al. vs.* MARY SUSAN MILLER *et al.*

JULY 2, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

34

ANDREWS, J. This is a bill in equity for the construction of ·a trust created by the eleventh clause of the will of Joseph Casey, late of the city of Newport, deceased. It was certified to this court for our determination under general laws 1938, chapter 545, §7.

Clause Eleventh of the will reads as follows:

> "Eleventh: I give and bequeath to the *Newport Trust Company,* in said Newport, the sum of Twenty-five Thousand ($25,000.00) Dollars, In Trust, nevertheless, for the following uses and purposes: to withhold in one fund the sum of Twenty-one Thousand ($21,000.00) Dollars, and to pay therefrom to my niece, *Catherine J. Davis,* now residing in Los Angeles, California, One Thousand ($1,000.00) Dollars each year, until the said fund, with all accumulations of interest thereon, is exhausted; and to hold the remaining fund of Four Thousand ($4,000.00) Dollars for the equal benefit of her four children, *Mary Ellen Davis, Fredericka Davis, Frederick Davis, Jr.* and *Richard Davis,* and to pay to each of said children One Thousand ($1,000.00) Dollars, together with all accumula-

tions of interest on said sum of One Thousand ($1,-000.00) Dollars, when each child respectively attains the age of twenty-five years. In the event any of said children dies before attaining the said age of twenty-five years leaving issue, then said sum of One Thousand ($1,000.00) Dollars, with accumulated interest shall be paid on the death of said child to such issue, per stirpes and not per capita; or if said child dies before attaining that age without leaving issue, then the sum to which he or she would have been entitled shall be added to the shares of the said children who survive. In the event the said Catherine J. Davis dies before the trust fund created for her has been fully paid, then so much of the fund as then remains unpaid shall be added to the trust fund hereinbefore created for her children, and paid in accordance with the terms thereof."

The complainants are the present trustee, Catherine J. Davis and her four children. The respondents are the minor grandchildren of Catherine. A guardian *ad litem* was appointed for the minor grandchildren and for persons not in being. He filed a brief and argued that those he represented had an interest in the corpus.

No evidence was introduced in the superior court except a letter to the trustee signed by Catherine and her four children named in the eleventh clause, in which the children assign to Catherine all their rights to the corpus of the trust and all five request the trustee to bring a bill in equity to terminate the trust, and they agree that upon the payment of the fund to Catherine they will release the trustee from all liability to any of them or to any other person claiming under or through them.

When the named children of Catherine reached the age of twenty-five years they were paid the sum of $1,000 in accordance with the provisions of clause Eleventh. Catherine now finds herself unable to live comfortably on $1,000 a year. The trustee has in his possession $12,346.92, being the balance of the trust created for Catherine, and it is will-

ing to comply with the request of Catherine and her children provided it can do so safely.

The questions propounded to us are: "A. Are the interests of the complainants, Fredericka Davis Miller, Mary Ellen Davis Curry, Frederick Davis, Jr. and Richard Davis, in said trust fund vested and distributable by them to the exclusion of the contingent interests of the respondents and any other issue of said complainants? B. Can the trust created by said Eleventh Clause of the Will of Joseph Casey, deceased, be terminated and dissolved by agreement of all the complainants?"

While it would seem that the children had vested equitable remainders in the fund *before* they conveyed them to Catherine by the letter to which we have above referred, in view of the fact that question A is framed in the present tense, technically the answer to that question is "No."

It is our opinion that question B should also be answered in the negative. The great weight of authority in this country is to the effect that if the time designated in the trust for its termination has not arrived the beneficiaries, although they are all *sui juris,* cannot compel its termination if its continuance is necessary to carry out one of the material purposes for which it was created. See 3 Scott on Trusts §337, which is based on the same section in the Restatement of Trusts of which Professor Scott was the reporter for the American Law Institute. As the learned professor points out later in that section, at page 2453, the difficulty in these cases is to determine whether the continuance of the trust is necessary to carry out a material purpose of the testator.

We do not know the state of Catherine's health, how old she is, or any of the circumstances surrounding the making of the trust, so we must decide this question wholly upon our construction of the eleventh clause.

It is clear to us that the testator wanted his niece to have some of his estate; that he wanted her to have it in com-

paratively small portions yearly; and that periodic payments are a material purpose of the testator. If we were to allow Catherine to have the entire balance now she might well use it up within a short time and be left without any income for the rest of her life. To do this would, in our opinion, defeat one of the main purposes of the testator, namely, to have her receive $1,000 yearly.

There are many cases in our reports which have more or less bearing on this question and are in accord with our decision in this case, particularly *Newport Trust Co.* v. *Newton,* 49 R. I. 93, and *Colt* v. *Industrial Trust Co.,* 50 R. I. 242. In the first case, the court stated at page 99: "For another fundamental reason the court should not permit the trust to be terminated. The testamentary gift remains an express and active trust. The object of the donor has not been accomplished and cannot be until only two of his grandchildren survive and the possibility of the indigence of one or more of his other grandchildren no longer exists."

In the *Colt* case, where the testator provided in his will for the use of his homestead in Bristol by his children and grandchildren, the court stated at page 249: "The testator's sons and his four grandchildren seek to terminate this trust because they consider it a useless and unreasonable expense to have the Homestead Estate and the Farm maintained as provided by the 27th clause. * * * To permit the trust to be thus terminated would be to utterly disregard the testator's clearly expressed intention."

On July 8, 1957 the parties may present to this court for approval a form of decree in accordance with this opinion to be entered in the superior court.

*Corcoran, Peckham & Hayes, Zalman D. Newman, Edward J. Corcoran,* for complainants.

*John R. Haire,* guardian *ad litem,* for respondent minors.